UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-22541-CIV-SEITZ/WHITE

CHRISTOPHER SCOTT HUGHES,

    Petitioner,

v.

WALTER A. MCNEIL, Secretary,
Florida Department of Corrections,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation [DE 20] of the Honorable Patrick A. White, United States Magistrate Judge. Petitioner Hughes filed objections to the Magistrate's Recommendation which are nearly identical to those filed by Thomas Porter Cloyd in the companion case, *Cloyd v. McNeil*, 07-22339-CIV-SEITZ. Based on the reasoning set forth in the concurrently issued order adopting the report and recommendation in Cloyd's case, which is attached as **Appendix A** hereto, the Court will overrule Hughes's objections and adopt Judge White's well-reasoned Report and Recommendation as an order of this Court. Accordingly it is hereby

ORDERED that:

1. Judge White's Report and Recommendation [DE 20] is AFFIRMED and ADOPTED.

2. Hughes's Petition [DE 1] is DENIED.

3. All pending motions not ruled upon are DENIED AS MOOT.

4. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 21st day of January, 2010.

                                                    PATRICIA A. SEITZ
                                                  UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge White
        Counsel of Record/*Pro Se* Parties

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22339-CIV-SEITZ/MCALILEY

THOMAS P. CLOYD,

      Petitioner,

v.

WALTER A. MCNIEL,
Secretary of Florida Department of Corrections

      Respondent
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Report and Recommendation [DE 24] of the Honorable Chris McAliley, United States Magistrate Judge. This case arises out of the state criminal convictions of the Petitioner and his co-pilot for operating a plane under the influence of alcohol. Judge McAliley recommends that the Court deny Thomas Porter Cloyd's 2254 Petition because he fails to demonstrate that the Third District Court of Appeal ("DCA") did not rule contrary to or commit an unreasonable application of clearly established federal law when it reject his argument that the state alcohol misuse law which he was convicted of violating was preempted by federal law and regulations. Cloyd lodged objections [DE 25] to Judge McAliley's recommendation in each category of preemption, namely: (1) express preemption; (2) field preemption; and (3) conflict preemption.[1]

After conducting a *de novo* review of the case, including Judge McAliley's thorough and well-reasoned Report, Cloyd's objections, his Petition, supplement, and reply, the record, and the relevant legal authorities, the Court will overrule Cloyd's objections and adopt Judge McAliley's Report as an order of this Court. Cloyd does not demonstrate that any federal law or regulation expressly preempts the subject state law, nor does he

---

[1] Cloyd notes at footnote 2 of his objections that there are no factual matters in dispute for the purpose of his federal preemption claim. The relevant facts are set out in the opinions addressing the various issues arising from this case. *Hughes & Cloyd v. Attorney General of Florida*, 377 F.3d 1258 (11th Cir. 2004); *Cloyd v. State*, 943 So.2d 149 (Fla. 3d DCA 2006); *Hughes v. State*, 943 So.2d 176 (Fla. 3d DCA 2006). In essence, the night before a scheduled flight, Cloyd and his co-pilot Hughes continuously consumed alcoholic beverages until 5:00 a.m. on the morning of the 10:30 a.m. flight. *Cloyd*, 943 So.2d at 157. The evidence showed that, at the time Cloyd manned the subject aircraft, his breath alcohol content was between .121 and .15 percent. *See id.* at 156.

## APPENDIX A

locate a body of federal law reflective of a congressional desire to occupy the field of alcohol misuse regulation. Finally, Cloyd fails to show how the subject state law is in conflict with the purposes of federal law.

### A. Standard for Collateral Review

Cloyd argues that a raft of Federal aviation statutes and regulations clearly demonstrate that Congress and the Federal Aviation Administration ("FAA") preempted any state alcohol misuse statutes, and therefore that the Third DCA's decision was contrary to and involved an unreasonable application of clearly established federal law. To enable a Court to grant Cloyd's habeas corpus application, Cloyd must first demonstrate that the Third DCA decision is contrary to or reflects an unreasonable application of clearly established federal law as pronounced by the Supreme Court. *Dombrowski v. Mingo*, 543 F.3d 1270, 1274 (11th Cir. 2008). While Supreme Court rules of law "may be sufficiently clear for habeas purposes even when they are expressed in terms of a generalized standard," the Court must be confident that the Supreme Court precedent is "on point" before taking a state court decision to task pursuant to 28 U.S.C. § 2254. *Id.* at 1274-76. Thus, although Cloyd does not cite Supreme Court preemption decisions in the area of federal aviation law, Supreme Court preemption decisions in other bodies of law dictate that "the purpose of Congress is the ultimate touchstone in every pre-emption case." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996).

Further, when considering preemption claims, the Supreme Court labors under "the assumption that the historic police powers of the states [are] not to be superseded by the Federal Act *unless that was the clear and manifest purpose of Congress*." *See, e.g., Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947) (emphasis added). This assumption can be overcome, however, only where "Congress has made a clear desire for pre-emption." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 151 (2001). Significantly, even when the text of a pre-emption clause is susceptible of more than one plausible reading, a court must "accept the reading that *disfavors* pre-emption" because States are independent sovereigns in our federal system of government. *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005) (emphasis added).

### B. Express Preemption

Cloyd first argues that his conviction under Fla. Stat. § 860.13 is expressly preempted by Appendix I, §

XI Subsection A of 14 C.F.R. § 121, the crew member drug testing regulation, which states that:

> The issuance of 14 CFR parts 65, 121, and 135 by the FAA preempts any state or local law, rule, regulation, order, or standard covering the subject matter of 14 CFR parts 65, 121, and 135 . . . .

14 C.F.R. § 121, Appendix I § XI(A) (2008).[2]

According to Cloyd, Parts 121 and 135 govern alcohol use by commercial pilots and therefore any state law criminalizing alcohol misuse by commercial pilots is preempted because it covers "the subject matter" of the federal regulation. (*See* DE 25 at 9.) Cloyd, however, reads the "subject matter" of Parts 65, 121, and 135 too broadly for purposes of collateral review.

As the Third DCA observed, Part 121, along with Parts 65 and 135, sets out particular qualifications and operating requirements for airline employees. *See* 14 C.F.R. §§ 65, 121, 135. Part 65 creates certain certification requirements for non-flight crew airmen, such as air traffic controllers and mechanics, while Parts 121 and 135 set forth similar qualifications for flight crew members, such as pilots. *Id.* After examining the text and structure of these Parts, the Third DCA stated that:

> unlike the Parts of the Code of Federal Regulations specified above, [the Florida statute under which Cloyd was convicted] does not impose certification or operating requirements upon airline employees. Rather, it regulates the *conduct* of persons operating aircraft.

*Cloyd v. State*, 943 So.2d 149, 159 (Fla. 3d DCA 2006) (emphasis in original).

Stated differently, the "subject matter" of Parts 65, 121, and 135 is the certification and qualification of airline employees, and merely because these Parts impose certain drug testing and use standards as a qualification of employment does not demonstrate that the FAA's "clear and manifest purpose" was to expressly preempt Florida laws criminalizing the conduct of persons operating aircraft while under the influence of alcohol. *See Rice*, 331 U.S. at 230.

Furthermore, the particular FAA alcohol use regulation at issue, 14 C.F.R. § 121.458, refers only to the alcohol testing program established in Appendix J, which contains a tighter preemption provision than Appendix I. Specifically, Subsection E of Appendix J preempts state laws *only* to the extent that compliance

---

[2] On May 14, 2009, the FAA removed Appendix I and J to Part 121, as well as the alcohol misuse provisions in 14 CFR §§ 121.458, 135.253.

with the state law and federal regulation "is not possible" or compliance with the state law presents "an obstacle" to compliance with federal regulation. 14 C.F.R. § 121, Appendix J § E(1) (2008). Cloyd maintains that Subsection E is merely an affirmative statement of preemption and does not exclude a preemption under different regulations, such as Appendix I. (*See* DE 25 at 11.)

However, the fact that Appendix J more closely mirrors the specific "subject matter" of the Florida statute – alcohol misuse – than Appendix I lends credence to the Third DCA's conclusion that Appendix I does not demonstrate a clear and manifest purpose to expressly preempt the subject Florida law. To be sure, while Cloyd may present a plausible alternative interpretation of Appendix I, he fails to show why the Third DCA's interpretation of Appendix I, when read in conjunction with Appendix J, is so implausible as to contravene the Supreme Court rule requiring courts to adopt interpretations disfavoring preemption. *See Bates*, 544 U.S. at 449. In any event, as Judge McAliley noted, the Third DCA's interpretation of Appendix I is neither an unreasonable application of nor contrary to any of the Supreme Court rules listed above.

In the alternative, Cloyd points to Subsection B of Appendix I § XI, which states that

> The issuance of 14 CFR parts 65, 121, and 135 does not preempt provisions of state criminal law that impose sanctions for reckless conduct of an individual that leads to actual loss of life, injury, or damage to property whether such provisions apply specifically to aviation employees or generally to the public.

14 C.F.R. § 121, Appendix I, § XI Subsection B (2008).

Cloyd argues that, because this language specifically excludes only those state laws criminalizing conduct that leads to *actual* loss of life, injury, or damage to property, other state laws are expressly preempted. (*See* DE 25 at 9-10.) However, because Subsection A *only* preempts state laws covering the same "subject matter" as Parts 65, 121, and 135, Subsection B's *exemption* of state laws that criminalize conduct leading to "actual loss of life, injury or damage to property" cannot be read to *extend* preemption to state laws of a different "subject matter" than Parts 65, 121, and 135.

As discussed above, the "subject matter" of these Parts -- qualifications and certifications for aircraft personnel -- does not necessarily encompass the *conduct* of piloting while drunk. Therefore, it does not follow that, by excluding from preemption state laws regulating conduct leading to "actual loss of life, injury or

-4-

damage to property," Subsection B also *preempts* state laws of a different "subject matter" than Parts 65, 121, and 135. Rather, contrary to Cloyd's reading, it is not enough that a state law fails to criminalize conduct leading to "actual loss of life, injury or damage to property;" the state law must also cover the same "subject matter" of Parts 65, 121, and 135, as required by Subsection A. As discussed above, however, Subsection A provides no comfort to Cloyd's position.[3]

As another alternative, Cloyd looks to federal criminal statutes 18 U.S.C. §§ 341-43, which criminalize "the operation of a common carrier while under the influence of alcohol," and establishes a presumption that persons with a blood alcohol content of .10 percent or more are deemed to be "under the influence of alcohol." However, these federal statutes do not have any *express* language of preemption. Absent such language, the Court cannot be sure that preemption "was the clear and manifest purpose of Congress." *Rice*, 331 U.S. at 230.

As a final alternative, Cloyd cites a preemption provision in a federal aviation statute, 49 U.S.C. § 45106, which states:

> a) Effect on State and local government laws, regulations, standards, or orders. -- A State or local government may not prescribe, issue, or continue in effect a law, regulation, standard, or order that is inconsistent with regulations prescribed under this chapter. However, a regulation prescribed under this chapter does not preempt a State criminal law that imposes sanctions for reckless conduct leading to loss of life, injury, or damage to property.
> \* \* \*
> (c) Other regulations allowed.--This section does not prevent the Administrator from continuing in effect, amending, or further supplementing a regulation prescribed before October 28, 1991, governing the use of alcohol or a controlled substance by airmen, crewmembers, airport security screening employees, air carrier employees responsible for safety-sensitive functions (as decided by the Administrator), or employees of the Administration with responsibility for safety-sensitive functions.

49 U.S.C. § 45106.

While at first blush this statute appears only to expressly preempt state laws that are "inconsistent with" FAA regulations, Cloyd contends that subsection (c) allows preemption even where state laws are *not* inconsistent with FAA regulations, specifically as is provided by Appendix I to Part 121. However, even assuming that

---

[3] Cloyd raises a similar argument in regards to similar "loss of life" exemptions in both Appendix J, §I(E)(2) to Part 121 and 49 U.S.C. § 45106. However, both Appendix J and Section 45106 *limit* their preemptive scope to state laws that are inconsistent with FAA regulations. Therefore, it is not enough that the subject state law does not criminalize conduct leading to "loss of life, injury or damage to property;" Cloyd must also show that the state law is inconsistent with FAA regulations. As discussed below, Cloyd has failed to do so.

Cloyd's is the only plausible interpretation of subsection (c), he fails to show why Appendix I covers the same "subject matter" as the subject Florida law, as discussed above. Therefore, the effect of subsection (c) is immaterial to whether the Third DCA erred in this case.

Cloyd also contends that subsection (a) controls here because his conviction is clearly inconsistent with FAA regulations. (*See* DE 25 at 13.) Specifically, Cloyd argues that his conviction is inconsistent with 18 U.S.C. §§ 341-343 because the jury was allowed to convict him for having a blood alcohol content less than .10 percent, which Cloyd states is the standard for a criminal conviction under federal law. (*See id.* at 14.) However, the federal .10 percent blood alcohol content standard merely establishes a *presumption* that he operated a plane "under the influence" of alcohol. *See* 18 U.S.C. § 343.

Section 343 does not suggest that a defendant cannot be convicted if the evidence shows that his blood alcohol content was less than .10 percent. Rather, it merely makes conviction easier where a defendant's blood alcohol content is .10 percent or more.[4] Furthermore, as Judge McAliley states, the preemption provision in section 45106 applies solely to "regulations" promulgated by the FAA, not general criminal statutes like section 343 in unrelated sections of the United States Code. In sum, there is no indication that Cloyd's conviction is "inconsistent with" FAA regulations, or is otherwise expressly preempted. Therefore, Cloyd's express preemption objection must be overruled.

B. Field Preemption

Cloyd also submits that the Third DCA erred by failing to find that the FAA's regulatory framework governing misuse of alcohol is so pervasive that Congress preempted all state law in the field by necessary implication. In assessing Cloyd's field preemption claim, the Third DCA properly noted that field preemption cannot be inferred "simply because [an] agency's regulations are comprehensive." *R.J. Reynolds Tobacco Co. v. Durham County, N.C.*, 479 U.S. 130, 149 (1986). The Third DCA then referred to 14 C.F.R. § 91.17(c)(1), which provides:

(c) A crewmember shall do the following:

---

[4] A conviction pursuant to 18 U.S.C. § 341 yields a maximum sentence of fifteen years while Fla. Stat. § 860.13(3) mandates a maximum sentence of five years.

-6-

> (1) On request of a law enforcement officer, submit to a test to indicate the alcohol concentration in the blood or breath, when–
>
>> (I) The law enforcement officer is authorized under State or local law to conduct the test or to have the test conducted; and
>>
>> (ii) The law enforcement officer is requesting submission to the test to investigate a suspected violation of State or local law governing the same or substantially similar conduct prohibited by paragraph (a)(1), (a)(2), or (a)(4) of this section.

14 C.F.R. § 91.17(c)(1).[5]

As the Eleventh Circuit observed in a previous opinion,[6] the Third DCA held that the fact that the FAA expressly provided for investigation and enforcement of state alcohol misuse laws demonstrates that Congress intended no field preemption in this area. Cloyd asserts that the Third DCA erred in reaching this conclusion because Part 91 applies solely to pilots of private aircraft, not commercial pilots. (*See* DE 25 at 7.)

However, nowhere in Part 91, or any other portion of its regulations, does the FAA expressly limit Part 91 solely to pilots of private aircraft. More importantly, as Judge McAliley noted, Cloyd fails to cite any Supreme Court case supporting the private-pilot distinction he reads into Part 91. While Cloyd argues that Judge McAliley failed to search for "general" Supreme Court standards which support his position, he has not cited *any* Supreme Court standard which would have altered Judge McAliley's recommendation. Thus, Cloyd's attempt to distinguish 91.17(c) is without merit. As the Third DCA ruled, 91.17(c) supports the argument that Congress did not intend to preempt the field of aviation regulations covering conduct while under the influence of alcohol or drugs.

Cloyd also contends that field preemption can be inferred from Subsection B of Appendix I § XI,

---

[5] Subsections (a)(1), (a)(2), and (a)(4) of 14 C.F.R. § 91.17 all relate to conduct under the influence of alcohol.

[6] Cloyd protests the Third DCA and Judge McAliley's citations to the Eleventh Circuit opinion in this matter, see *Hughes & Cloyd v. Attorney General of Florida*, 377 F.3d 1258 (11th Cir. 2004), arguing that there is no basis to cite the opinion because the Eleventh Circuit specifically stated that, in analyzing the abstention issue raised by the State of Florida, it did not reach the merits of his preemption argument. However, as Judge McAliley notes, while the Eleventh Circuit did not reach the merits of Cloyd's preemption arguments in its opinion, its analysis of the preemption arguments within the context of the abstention issue is worthy of consideration as Part 91 clearly contemplates enforcement of state laws that cover conduct similar to that regulated under section 91.17. Had this Court paid closer attention to this section in its earlier analysis, it would have reached a different conclusion.

which exempts from preemption all state laws criminalizing conduct leading to "actual loss of life, injury, or damage to property." *Id.* However, as discussed above, a state law must first cover the same "subject matter" as Part 65, 121, or 135, to be preempted by Appendix I. Therefore, Subsection A's similar "subject matter" requirement precludes any inference that Subsection B requires field preemption in this case.

Finally, Cloyd argues that the Third DCA ignores the general pervasiveness of the federal aviation regulation scheme, which includes 49 U.S.C. § 45106, 18 U.S.C. §§ 341-43, and the FAA regulations. However, as the Third DCA stated, the comprehensiveness of the federal scheme alone will not yield a finding of field preemption. *Cloyd*, 943 So.2d at 160. In any event, Cloyd fails to demonstrate how the Third DCA's assessment of the federal scheme was contrary to or involved an unreasonable application of Supreme Court rules of law. Therefore, Cloyd's field preemption argument is without merit.

C. Conflict Preemption

In his final objection, Cloyd claims that the Third DCA erred when ruling that the Florida statute and federal law do not conflict. Supreme Court rules of law provide that "pre-emption may occur to the extent that state and federal law actually conflict." *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 604-05 (1991). "Such a conflict arises when compliance with both federal and state regulations is a physical impossibility . . . or when a state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress . . . ." *See id.* (citations omitted).

Cloyd first contends that, as applied in his case, the Florida statute conflicts with 18 U.S.C. §§ 341-43, which dictate a higher blood alcohol level for criminal prosecution than the .04 and .08 percent blood alcohol levels referenced in his case. (*See* DE 25 at 15.) However, as discussed above, the standard to which Cloyd cites merely creates a *presumption* and does *not* require proof of a .10 percent blood alcohol content to garner a conviction. *See United States v. Prouse*, 945 F.2d 1017, 1026 (8th Cir. 1991) (holding that trial court did not err by rejecting a proposed jury instruction which misleadingly stated that the .10 presumptive intoxication level was a minimum alcohol level that must be established to prove intoxication). Thus, it is "physically" possible to obtain a federal conviction using the .04 and .08 percent levels referenced at Cloyd's trial.

Finally, Cloyd takes issue with the Third DCA's conclusion that "criminalizing the operation of an

aircraft while intoxicated does not stand as an obstacle to the federal regulatory scheme." 943 So.2d at 160-61. While Cloyd insists that the Florida statute creates an obstacle to FAA regulations, it is clear that both Florida and federal laws accomplish the aim of deterring inebriated pilots behind aircraft controls. Further, given that 14 C.F.R. § 91.17(c) expressly accommodates the promulgation and enforcement of state alcohol misuse laws, it is difficult to conclude that the Florida law is an obstacle to federal regulation. Therefore, Cloyd's conflict preemption objection is without merit.

In sum, because Cloyd fails to demonstrate that the Third DCA acted contrary to or made an unreasonable application of Supreme Court law, the Court will overrule his objections and adopt Judge McAliley's report and recommendation as an order of this Court. Accordingly, it is hereby

ORDERED that

(1) Judge McAliley's Report and Recommendation [DE 24] is AFFIRMED AND ADOPTED.

(2) Cloyd's Petition for Writ of Habeas Corpus [DE 1] is DENIED.

(3) This action is DISMISSED WITH PREJUDICE.

(4) All pending motions are DENIED AS MOOT.

(5) This case is CLOSED.

DONE AND ORDERED at Miami, Florida, this 21st day of January, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge McAliley
Counsel of Record